# CIRCUIT COURT OF THE CITY OF CHARLOTTESVILLE

Patricia Wilkinson

v.

University of Virginia
Medical Center

January 6, 2016

Case No. CL 15-251

By Judge Richard E. Moore

I have now had a chance to totally review the entire file in this case, as well as the relevant statutes and pertinent case law and my notes from the October 7 hearing.

The question in this case is whether this Court should reverse the· decision of the Hearing Officer in Ms. Wilkinson's grievance against the University of Virginia Medical Center in Office of Dispute Resolution Case # 10554. Ms. Wilkinson, as Appellant here and Grievant below, asks the Court to reverse the rulings in the case.

## Underlying Facts

Patricia Wilkinson is a Registered Respiratory Therapist at the University of Virginia Medical Center in the University Medical Associates outpatient primary care clinic. She has worked for the Medical Center for approximately twenty-four years. Her grievance of the agency decision was heard by the Hearing Officer on March 27, 2015. Her case involved an allegation that she did not properly update certain spreadsheets after being directed to and that this constituted misconduct (Human Resources Policy 701) which resulted in a Step 3 Formal Performance Improvement Counseling Form (FPICF).

One of her duties was to keep updated certain spreadsheets relating to smoking cessation at the clinic. She was to update the spreadsheet for each patient within one day of the patient contact or observation. Each took approximately one to two minutes to complete.

On May 28, 2014, she received a Step 2 FPIC Form for failing to timely update such spreadsheets. She was advised that she must update them by the end of each working day, and, on August 13 and 14, 2014, she was given additional time to update the spreadsheets. There is no evidence of any subsequent request for additional time or accommodation.

On September 23, 2014, her work and documentation was audited, and the Smoking Cessation Intervention Data spreadsheet had last been updated September 9, two weeks prior, and the Non-Smoking Cessation Log spreadsheet had not been updated since September 3, over three weeks prior.

This resulted in a Step 3 FPICF warning on October 1, 2014.

### Procedural History and Posture

Ms. Wilkinson filed a grievance as to this ruling with the Office of Employment Dispute Resolution (OEDR), and such was heard by a Hearing Officer on March 27, 2015, and he issued a decision on April 1, 2015. She also sought a further administrative review by the OEDR of the Hearing Officer's findings, which decision was rendered May 21, 2015. In addition, she sought a policy and procedure review by the Director of the Department of Human Resource Management, which resulted in a ruling May 27, 2015. All of these upheld the decision of the Hearing Officer.

Ms. Wilkinson has moved this Court to find that the Hearing Officer was in error in finding against her and to reverse such decision. She challenges the ruling on three main grounds: (1) she claims that the ruling of the Hearing Officer is contrary to law in that it violates the Americans with Disabilities Act (ADA), in that she was not granted sufficient accommodations in her work (and that what was granted was not long enough), (2) there was insufficient evidence that the spreadsheets were not kept up to date and they were not made available to her, and (3) the hearing was not conducted properly or informally enough such that the environment and process were too intimidating.

### Standard of Review

The scope of review is very narrow for a circuit court in these types of appeals. Va. Code § 2.2-3006(B). The standard of review for the court focuses solely on whether the Hearing Officer's decision is contradictory to any applicable law. *Kone v. Virginia Dep't of State Police*, 09 Va. UNP 09774092 (Va. App. 2009), 2009 Va. App. LEXIS 517 *3, quoting *Virginia Polytechnic Inst. v. Quesenberry*, 277 Va. 420, 429 (2009). Revisiting the factual determination of the Hearing Officer or redetermining any alleged policy violations or procedural shortcomings are not in the purview of the reviewing court's authority.

In addressing these claims, the Court must first determine whether the substance of the Appellant's claims is challenging the hearing decision as contrary to applicable law or simply disagreeing with the findings of the Hearing Officer or challenging the procedures followed. The Appellant bears the burden of identifying the law that has been contradicted by the final decision, and demonstrating such contradiction or inconsistency. *Kone,* 2009 Va. App. LEXIS at *3-5. If the Appellant fails to identity any applicable law that the Hearing Officer's decision contradicts, then the circuit court lacks any basis or authority for reviewing the hearing officer's decision. *Quesenberry,* 277 Va. at 431.

If the Appellant's claims fall outside of the legal challenges to the Hearing Officer's decision, then the Court does not have jurisdiction to review those claims. In these grievance appeals, the grievance hearing officer serves at the fact finder, and the Director of the Department of Human Resource Management determines whether the decision is consistent with agency policy. *Workman v. Department of Corr.,* 82 Va. Cir. 160, 161, 2011 Va. Cir. LEXIS 130, *3 (Chesapeake 2011). Neither the facts nor the procedural determination from the previous grievance hearing are subject to judicial review, and this Court is bound by those factual and procedural findings. *Id.; Coffey v. Virginia Dept. of Juvenile Justice,* 2013 Va. App. LEXIS 304, at *3-4 (0529-13-4 Va. App. 2013). It is my view that, in this case, as discussed below, the Appellant challenges the Hearing Officer's decision based on alleged factual and procedural errors. Thus both of these errors are beyond this Court's consideration.

*Analysis*

As to the first claim, the Hearing Officer noted that there were accommodations made in August, after the original Step 2 warning. There is no evidence of any subsequent request. In addition, the Hearing Officer found that she was not given too much work, and that she was capable of completing the spreadsheets on a timely basis. Also, the Director of the OEDR on Administrative Review points out that there was insufficient evidence that any further accommodation was required by the ADA or that, if requested, such was not provided. The Grievant did not testify at the hearing, and presented no evidence. As to the factual finding, the Hearing Officer's findings are binding on this Court. As to any policy or procedure having been violated or having not been followed, the Director found no such violations or insufficiencies. So, while she has identified a law that she says the ruling is contradictory of, there is no evidence to support her conclusory allegations.

As to her challenging the sufficiency of the evidence of her not performing adequately and not timely updating the spreadsheets and the lack of proof of such, again, to the extent that she is challenging the factual findings on the evidence by the Hearing Officer, this Court has no authority

or jurisdiction to review or reverse such, and, to the extent that she is challenging the procedure regarding the presentation or availability of the evidence, the spreadsheets, the Director's review of policy and procedure is also binding on and not reviewable by this Court. So, the Court finds that the Appellant is presenting the Court with errors of fact and procedure and not errors of law. While Ms. Wilkinson says that there was no proof of the spreadsheets being inadequately or untimely updated, nevertheless the Hearing Officer found that they were. Her contentions with the findings of fact made by the Hearing Officer are not properly reviewable by this Court, so the Court declines to reverse on that ground. She presents no law to which such finding is contrary or contradictory. Despite her references to the ADA, these are really factual and procedural questions, and not properly considered by the Court. Therefore, this Court should not and will not review the Hearing Officer's decision on this basis.

As affirmed in *Workman* and Va. Code § 2.2-3006(A), the Department of Human Resources is the body that should review errors in policy and procedure according to the Office of Employment Dispute Resolution policies. *Workman*, 82 Va. Cir. at 161. Therefore, any claims referencing an error in the administration of procedure are improperly placed before this Court.

Finally, to the extent that she challenges the environment in the grievance hearing or the procedure being intimidating or harassing, again this would be the bailiwick of the Director to determine whether the hearing was conducted in accordance with policy or whether such policy had been violated. To the extent that he found there were no violations, I cannot review or reverse his decision. The Department of Human Resources is the body given the authority to review questions of procedure for grievance hearings. She had the opportunity to seek their review, and the Director upheld the ruling as not violative of policy.

Because of the narrowly defined role of the Court in these cases, this Court finds that the claims made in Ms. Wilkinson's grievance appeal are outside of the scope of the Court's authority and determination. Because there has been no evidence presented that the decision of the Hearing Officer is contradictory of any law, I cannot reverse that decision, so the Step 3 ruling will stand. For the foregoing reasons, I decline to reverse the decision of the March 27, 2015, hearing, and will enter the order submitted by the University of Virginia, dismissing the appeal.